FILED
2022 Dec-16  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 2

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **ALICIA CADE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )**Civil Action No.:01-CV-2022-902707** |
| | ) |
| **COSTCO WHOLESALE CORP., et al.** | ) |
| | ) |
| **Defendant.** | ) |

---

### PLAINTIFF ALICIA CADE'S RESPONSES TO REQUEST FOR ADMISSION BY COSTCO WHOLESALE CORP

---

**COMES NOW** Plaintiff Alicia Cade, by and through her undersigned counsel of record, and hereby responds to Request for Admission issued by Costco Wholesale Corporation as follows:

### GENERAL OBJECTIONS

1.    Plaintiff's objections to Defendant's discovery requests are made without waiver of, or prejudice to, additional objections that Plaintiff may make. All such objections are hereby expressly preserved as is the right to move for a protective order. Plaintiff reserves all objections as to the admissibility at trial of any information provided.

2.    Plaintiff objects to each and every discovery request to the extent that:

(a) the information or documents called for, if any, were obtained and prepared in anticipation of litigation or for trial and (b) Defendant has made no showing that it has a substantial need for the materials in the preparation of the case, and that it is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Plaintiff further objects

to each and every discovery request to the extent that information or documents called for, if any, are privileged and are not discoverable under the Alabama Rules of Civil Procedure.

3.    Plaintiff objects to each and every discovery request to the extent that the information or documents called for, if any, are protected from discovery by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

4.    Plaintiff objects to each and every discovery request to the extent that the information or documents called for, if any, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Plaintiff objects to each and every discovery request to the extent that they seek to vary or broaden Plaintiff's obligations beyond the requirements of the Alabama Rules of Civil Procedure or any pretrial orders of the Court in this action.

6.    Plaintiff objects to each and every discovery request to the extent that they are confusing, undefined, seek legal conclusions, ambiguous, oppressive, unduly burdensome, harassing and beyond the permissible scope of discovery under the Alabama Rules of Civil Procedure.

7.    Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Plaintiff has responded to any Request for Admission should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such Request for Admission, or that such response constitutes admissible evidence. The fact that Plaintiff has responded in part or all of any Request for Admission is not

intended and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any Request for Admission made by Plaintiff.

8.     Insofar as any of Defendant's requests seek information to which the foregoing general objections apply, specification of or failure to note general objections is not a waiver of those or other general objections with respect to any of the Requests for Admission.

## REQUESTS FOR ADMISSION

1.     That the amount in controversy in this case exceeds $75,000, exclusive of interest and cost.

**RESPONSE:  Admitted.**

2.     You are seeking an award of more than $75,000 to satisfy all claims alleged in your Complaint.

**RESPONSE:  Admitted.**

3.     You are seeking more than $75,000 in damages for the claims alleged in your Complaint.

**RESPONSE:  Admitted.**

4.     You will accept more than $75,000 in total compensatory and punitive damages should (a) liability be established against the Defendant; and (b) damages are awarded to you.

**RESPONSE:  Admitted.**

5.     There is evidence which supports an award of damages in this case exceeding $75,000, including compensatory and punitive damages for all of your claims.

**RESPONSE:  Admitted**

6.      The proper measure of damages, if any, exceeds $75,000 inclusive of all claims for compensatory and punitive damages.

**RESPONSE:  Admitted**

7.      You and/or your attorneys will ask a jury to return a verdict for more than $75,000 in the event of a trial of this case.

**RESPONSE:  Admitted.**

*/s/ John Paul Bruno*
JOHN PAUL BRUNO (BRU036)
Attorney for the Plaintiff

**OF COUNSEL:**
**MORGAN & MORGAN, BIRMINGHAM**
2317 3rd Avenue North, Suite 102
Birmingham, AL 35203
(659) 204-6361
(659) 204-6383
jbruno@forthepeople.com

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that on this the 16th day of November,  I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system and/or sent a copy of the above and foregoing via U.S. mail, properly addressed and postage affixed to the following:

Paul J. DeMarco
PARSONS, LEE, JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL  35216

*/s/ John Paul Bruno*
OF COUNSEL