

FILED
2022 Dec-16  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA



## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: DENA SHANEYFELT**



County: **01**   Case Number: **CV-2022-902707.00**   Court Action:

Style: **ALICIA CADE V. COSTCO WHOLESALE CORPORATION**

**Real Time**

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 9/9/2022 | 3:24 PM | ECOMP | COMPLAINT E-FILED. | BRU036 |
| 9/9/2022 | 3:25 PM | FILE | FILED THIS DATE: 09/09/2022        (AV01) | AJA |
| 9/9/2022 | 3:25 PM | EORD | E-ORDER FLAG SET TO "Y"        (AV01) | AJA |
| 9/9/2022 | 3:25 PM | ASSJ | ASSIGNED TO JUDGE: PAT BALLARD        (AV01) | AJA |
| 9/9/2022 | 3:25 PM | TDMJ | JURY TRIAL REQUESTED        (AV01) | AJA |
| 9/9/2022 | 3:25 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 9/9/2022 | 3:25 PM | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 9/9/2022 | 3:25 PM | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 9/9/2022 | 3:25 PM | C001 | C001 PARTY ADDED: CADE ALICIA        (AV02) | AJA |
| 9/9/2022 | 3:25 PM | C001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 9/9/2022 | 3:25 PM | C001 | LISTED AS ATTORNEY FOR C001: BRUNO JOHN PAUL(AV02) | AJA |
| 9/9/2022 | 3:25 PM | C001 | C001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 9/9/2022 | 3:25 PM | D001 | D001 PARTY ADDED: COSTCO WHOLESALE CORPORATION | AJA |
| 9/9/2022 | 3:25 PM | D001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 9/9/2022 | 3:25 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 9/9/2022 | 3:25 PM | D001 | CERTIFIED MAI ISSUED: 09/09/2022 TO D001   (AV02) | AJA |
| 9/9/2022 | 3:25 PM | D001 | D001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 9/9/2022 | 4:04 PM | ESCAN | SCAN - FILED 9/9/2022 - NOTICE | KAD |
| 9/20/2022 | 10:49 AM | D001 | SERVICE OF CERTIFIED MAI ON 09/14/2022 FOR D001 | KAD |
| 9/20/2022 | 10:50 AM | ESERC | SERVICE RETURN | KAD |
| 10/13/2022 | 9:26 PM | EANSW | D001 - COMPLAINT DENIED E-FILED. | DEM010 |
| 10/13/2022 | 9:26 PM | D001 | LISTED AS ATTORNEY FOR D001: DEMARCO PAUL JOHN | AJA |
| 10/13/2022 | 9:26 PM | D001 | ANSWER OF COMP DENIED ON 10/13/2022 FOR D001(AV02) | AJA |
| 10/13/2022 | 9:32 PM | EDISC | NOTICE OF DISCOVERY E-FILED. | DEM010 |
| 10/13/2022 | 9:47 PM | EMOT | D001-OTHER MOTION FOR HIPAA ORDER FILED. | DEM010 |
| 10/14/2022 | 7:49 AM | EMOT | D001-OTHER /DOCKETED | SHB |
| 10/14/2022 | 8:03 AM | JEORDE | ORDER GENERATED FOR OTHER - MOTION FOR HIPAA ORDER - RENDERED & ENTERED: 10/14/2022 8:03:34 AM - ORDER | |
| 11/16/2022 | 11:42 AM | EDISC | NOTICE OF DISCOVERY E-FILED. | BRU036 |

 ***END OF THE REPORT***

DOCUMENT 2

ELECTRONICALLY FILED
9/9/2022 3:24 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **ALICIA CADE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **vs.** | § | CIVIL ACTION NO.: _____ |
| | § | |
| **COSTCO WHOLESALE CORP.,** and | § | |
| **FICTITIOUS PARTY DEFENDANTS** | § | |

**FICTITIOUS DEFENDANT No. 1,** whether singular or plural, that entity or those entities who or which had the duty to maintain the tidy and safe condition of the premises in question in this lawsuit; **FICTITIOUS DEFENDANT No. 2,** whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn or had a duty to issue and failed to issue and/or issued inadequate warnings or instructions, regarding the premises that was hazardous to Plaintiff and other invitees to the establishment in question in this lawsuit; **FICTITIOUS DEFENDANT No. 3,** whether singular or plural, that entity or those entities who or which had a duty to inspect the premises in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions and/or instrumentalities on or about the premises in question and at issue in this lawsuit; **FICTITIOUS DEFENDANT No. 4,** whether singular or plural, that entity or those entities who or which placed, allowed or caused said dangerous instrumentality and/or objects to be present on the premises in question and at issue in this lawsuit and was hazardous and caused injuries and damages to the above named plaintiff; **FICTITIOUS DEFENDANT No. 5,** whether singular or plural, that entity or those entities  which provided general liability or premises liability or medical payment coverage to the establishment in question and at issue in this lawsuit; **FICTITIOUS DEFENDANT No. 6,** whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the premises in question and at issue in this lawsuit; **FICTITIOUS DEFENDANT No. 7,** whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of the Plaintiff, while at the premises involved in the occurrence made the basis of this suit; **FICTITIOUS DEFENDANT No. 8.,** whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to the Plaintiff in connection with the   occurrence   made the basis of Plaintiff's complaint; **FICTITIOUS DEFENDANT No. 9,** whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said  occurrence  which caused injury and damage to the Plaintiff and  which is at issue and the basis of this lawsuit; **FICTITIOUS DEFENDANT No. 10,** whether singular or plural, that entity or those entities who

or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence madethe basis of this lawsuit at the time of said occurrence; FICTITIOUS DEFENDANT No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; FICTITIOUS DEFENDANT No. 12, whether singular or plural, that entity or those entitieswhich reinsured or provided excess coverage to the establishment in question and at issue in this lawsuit; FICTITIOUS DEFENDANT No. 13, whether singular or plural, thatentity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; FICTITIOUS DEFENDANT No. 14, beingthat person, firm, partnership or corporation who contracted with any named Defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; FICTITIOUS DEFENDANT No. 15, being that person, firm, partnership or corporation who owned, operated, and/or managed the premises causing the injuries to the Plaintiff as alleged in the complaint; FICTITIOUS DEFENDANT No. 16, being that person, firm, partnership or corporation who contracted to any named Defendant to provide training or supervisionto its employees in the proper maintenance of its premises as alleged herein; FICTITIOUSDEFENDANT No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; FICTITIOUS DEFENDANT No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining and/or operating the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to the Plaintiff as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendant are otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff at this time, their identities as proper partyDefendant are not known to the Plaintiff at this time, but their true names will be substitutedwhen ascertained.

Defendants.

---

## COMPLAINT

---

## PARTIES

1.  Plaintiff ALICIA CADE (hereinafter, "Plaintiff Cade" or "Plaintiff") is an

adult over the age of nineteen (19) years and is a resident of Mobile, Mobile County, Alabama.

2.      Defendant COSTCO WHOLESALE CORP. (Hereinafter "Defendant Costco" or "Defendant") is a foreign corporation with its principal place of business in Issaquah, King County, Washington. At all times material hereto, Costco Wholesale Corp. was doing business at Costco Wholesale # 362 located at 365 Galleria Circle, Hoover, Alabama 35244.

3.      Fictitious Defendants No. 1 through 18, whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the Plaintiff's injuries, as described in the caption of this Complaint, all of whose true and correct names are unknown to Plaintiff at this time but will be substituted by amendment when ascertained.

## FACTUAL ALLEGATIONS

4.      Plaintiff adopts and realleges all prior paragraphs as if set forth fully herein.

5.      On or about September 13, 2020, Plaintiff was an invitee upon the premises of Defendant Costco, located at 365 Galleria Circle, Hoover, Jefferson County, Alabama 35244.

6.      At said time and place, Plaintiff, while walking along the merchandise aisle designated for invitees, slipped and fell due to the water leaking from the cooling unit overhead onto the floor.

7.      As a result of the dangerous condition caused by Defendant and/or one or more Fictitious Party Defendants 1-18, Plaintiff was caused to fall and suffer an injury to

DOCUMENT 2

her right leg; right knee; left foot ; and left shoulder.

## COUNT I:
## NEGLIGENCE

8.      Plaintiff adopts and realleges all prior paragraphs as if set forth fully herein.

9.      On September 13, 2020, Plaintiff Alicia Cade, while on the premises of the Defendant Costco located in Hoover, Jefferson County, Alabama, was caused to suffer injuries and damages when she slipped and fell due to standing water in the walkway designated for invitees that was leaking from a cooling unit overhead.

10.     At all times relevant hereto, Defendant and/or Fictitious Party Defendants 1-18 owed Plaintiff certain duties of care, including, but not limited to:

> i.  The duty to keep the stores free and clear of any dangerous conditions or impediments.
>
> ii. The duty to warn business invitees of any potentially dangerous condition on the premises.
>
> iii. The duty to secure the safety of their business invitees.

11.     Defendant breached the duties of care owed to the Plaintiff on September 13, 2020, by:

> i.  Negligently failing to keep the floors free and clear of any dangerous conditions or impediments.
>
> ii. Negligently failing to warn Plaintiff of the potentially dangerous condition caused by the leaking cooling unit overhead; and
>
> iii. Negligently failing to secure the safety of the Plaintiff, a business

invitee.

12.     As a proximate result of Defendant's negligence, Plaintiff was caused to

suffer severe injuries and damages, including, but not limited to, the following:

    a) Injuries to her right leg; right knee; left foot; and left shoulder, all requiring medical treatment and care;

    b) Pain and suffering, which Plaintiff continues to experience and will experience in the future;

    c) Medical bills, costs, and expenses, which Plaintiff has incurred and will continue to incur in the future;

    d) Out-of-pocket medical costs and expenses;

    e) Out-of-pocket, non-medical expenses;

    f) Lost or diminished enjoyment of life; and,

    g) Inconvenience, mental anguish, and emotional distress.

13.     Defendant's negligence combined and concurred with the negligence or

otherwise wrongful conduct of all other named or Fictitious Defendants, caused Plaintiff

to be damaged and injured as a proximate result.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment

against the Defendant, and/or fictitious defendants, for general and compensatory damages

as well as special and punitive damages that the court may determine, together with interest

from the date of the injury plus the costs of this action.

## <u>COUNT II:</u>
## NEGLIGENT HIRING, TRAINING OR SUPERVISION

14.     Plaintiff adopts and realleges all prior paragraphs as if set forth fully herein.

15.     On September 13, 2020, Defendant and/or one or more Fictitious Party

Defendants listed and described hereinabove, were under an obligation and duty to train employees of Defendant and/or one or more Fictitious Party Defendants and other employees to ensure there are no hazards present so as not to cause any unreasonable dangers for patrons of the establishment.

16.     On or about September 13, 2020, the Defendant and/or one or more of the Fictitious Party Defendants listed and described hereinabove were under an obligation and duty to train and supervise store employees to properly inspect the commercial areas or areas accessible to their patrons or invitees so that there are no dangerous conditions to their patrons or invitees.

17.     On or about September 13, 2020, the Defendant and/or one or more of the Fictitious Party Defendants listed and described hereinabove, negligently failed to properly train employees to inspect and to keep the establishment's travel area of ingress and/or egress free and clear of dangerous conditions. The Defendant's failure to properly train its employees directly resulted in the Plaintiff's injuries as described herein.

18.     As a proximate result Defendant's negligent hiring, training or supervision, Plaintiff was caused to suffer severe injuries and damages, including, but not limited to, the following:

    a)   Injuries to her right leg; right knee; left foot; and left shoulder, all requiring medical treatment and care;

    b)   Pain and suffering, which Plaintiff continues to experience and will experience in the future;

    c)   Medical bills, costs, and expenses, which Plaintiff has incurred and will continue to incur in the future;

d)  Out-of-pocket medical costs and expenses;

e)  Out-of-pocket, non-medical expenses;

f)  Lost or diminished enjoyment of life; and,

g)  Inconvenience, mental anguish, and emotional distress.

19.     The negligence of Defendant combined and concurred with the negligence of all other named or fictitious party defendants, caused Plaintiff to be substantially damaged and injured as a proximate result.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant, and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages as the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT III:
## FICTITIOUS PARTIES

20.     Plaintiff adopts and re-alleges every material averment in Counts I - II of this Complaint as if fully set out herein, except that Plaintiff substitutes the words "Fictitious Defendants 1 - 18" for the named Defendant in Counts I - II.

21.     Plaintiff avers that the negligent, reckless, wanton, or otherwise wrongful conduct of Fictitious Defendants 1 - 18 combined and concurred with the negligent, reckless, wanton, or otherwise wrongful conduct of the named Defendant to proximately cause Plaintiff's injuries and damages, as set forth and described in Counts I - II, above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant, and/or fictitious defendants, for general and compensatory damages

as well as special and punitive damages as the court may determine, together with interest

from the date of the injury plus the costs of this action.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS
CAUSE.

Respectfully Submitted,

*/s/ Erby J. Fischer*
ERBY J. FISCHER (FIS010)
*/s/ John Paul Bruno*
JOHN PAUL BRUNO (BRU036)
Attorneys for the Plaintiff

**OF COUNSEL:**
**Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 100
Birmingham, AL 35203
Phone: (659) 204-6361
Facsimile: (659) 204-6383
Email: *jbruno@forthepeople.com*

Plaintiff's Address:
c/o **Morgan & Morgan Birmingham, PLLC**
2317 3rd Avenue North, Suite 100
Birmingham, AL 35203
Phone: (659) 204-6361
Facsimile: (659) 204-6383
Email: *jbruno@forthepeople.com*

## PLEASE SERVE THE DEFENDANT VIA CERTIFIED MAIL AT:

**COSTCO WHOLESALE CORPORATION**
**c/o CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, Alabama 36104**

DOCUMENT 3

ELECTRONICALLY FILED
9/9/2022 3:24 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **ALICIA CADE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-22-** |
| | ) | |
| **COSTCO WHOLESALE CORP. and** | ) | |
| **FICTITIOUS PARTY DEFENDANTS** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S INTERROGATORIES  AND REQUEST FOR PRODUCTION TO DEFENDANT COSTCO WHOLESALE CORPORATION

COMES NOW,  the Plaintiff, ALICIA CADE, by and through her undersigned counsel of records in the above-styled cause, and pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, propounds to the Defendant, COSTCO  WHOLESALE  CORPORATION  the  following Interrogatories to be answered and responded to pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "Yours" shall mean the Defendant COSTCO WHOLESALE CORPORATION and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government, or legal entity.

1

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee, and all other means of identifying it and its present or last known location or custodian. If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence at the COSTCO WHOLESALE CORPORATION, which caused injury to ALICIA CADE.

## INTERROGATORIES

1.      Are you named correctly in the complaint? If not, how should you be correctly designated in an action at law?

2.      Please list and identify each employee of this Defendant who has knowledge, in any way, of the incident made the basis of this suit.

3.      Please state the most current information regarding the name, address and telephone number of every employee who worked September 13, 2020, at the store located at 365 Galleria Circle, Jefferson County, Hoover, Alabama, 35244, the date of the incident made the basis of this suit occurred and state his/her position and job responsibilities.

4.      Please identify each person who has knowledge concerning the facts surrounding the incident made the basis of this suit.

2

DOCUMENT 3

5.      Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

6.      Please identify the person, firm and/or corporation who was responsible for the maintenance, construction and/or upkeep of the floor area in which the Plaintiff was injured.

7.      Please state whether you had any warning signs posted in the vicinity where the Plaintiff fell at the time of Plaintiff's injury.

8.      If you contend that warning signs were posted, please state the substance and location of each sign.

9.      Please state whether a foreign substance was spilled or located upon the floor in the general area of the Plaintiff's fall on September 13, 2020 prior to the incident made the basis of this lawsuit.

10.     If a substance was spilled or located upon the floor, please state what steps, if any, you took to clear the substance from the floor and identify the individual responsible for performing the task.

11.     Please identify the reason why the floor was wet with standing water which caused Plaintiff to fall.

12.     Please identify any and all procedures taken correct the wet floor prior to the incident made the basis of this suit.

13.     Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts.  Additionally, please give a summary of the opinions which

you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

14.    Please state in detail each and every fact known to you or made known to you through third parties concerning how the incident made the basis of this suit occurred and identify each said person.

15.    If you contend that the Plaintiff assumed the risk of her injuries, please state each and every fact upon which you rely in support of said contention.

16.    If you contend the hazard which caused the Plaintiff to fall was open and obvious, then please state each and every fact upon which you rely.

17.    Please state in detail your knowledge, as well as each and every employee's knowledge, concerning leaking of the HVAC unit and/or cooling unit causing water on the floor upon which the Plaintiff fell.  Additionally, please identify each and every person who had knowledge concerning the presence of the leaking of the HVAC unit and/or cooling unit causing water on the floor prior to the Plaintiff's fall, how it came to be on the floor and how long it had been in that state prior to the Plaintiff's fall.

18.    Please state whether you have any policy, procedure or safety program instituted regarding maintaining your store's floors in a safe condition.  If so, please state the substance of said policy, procedure, or safety program.

19.    Please state precisely and descriptively the location in the store where the event made the basis of this suit occurred.

20.     Please identify by name and address the individual responsible for answering these interrogatories.

21.     Have you been advised that these interrogatories and the accompanying requests for production are required to be answered under oath?

22.     Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

23.     Please list each and every person who came to the assistance of the Plaintiff following the incident, and state the position they hold with You, if any. If they were not a Costco employee, please give as much information as is available for said person.

25.     Please describe the circumstances of the first notice and the manner in which you first received notice of the Plaintiff's injury as described in the Complaint.

26.     Please describe any complaints received by you regarding the conditions alleged in the Complaint to have contributed, directly or indirectly, to the Plaintiff's injury as alleged in the Complaint.

## REQUESTS FOR PRODUCTION

1.     Any "Document," or any photograph, movie, or video, that depicts or portrays the incident referred to in the Complaint, including, but not limited to, any security or surveillance video.

2.     Any "Document," or any photograph, movie, or video, that depicts or portrays the Plaintiff engaged in any recreational or other activity subsequent to the incident referred to in the Complaint.

3.     Any bill, invoice, or statement, however denominated, for repair or replacement of the conditions alleged in the Complaint to have contributed, directly or indirectly, to the Plaintiff's

DOCUMENT 3

injury as alleged in the Complaint.

4.      Any lease (including any sublease, however denominated), rental agreement, license, or any other "Document," as that term is defined above, permitting, or authorizing occupancy of the premises at 365 Galleria Circle, Hoover, AL 35244 on September 13, 2020.

5.      Any discussion between you and Plaintiff, concerning (a) the incident giving rise to the Complaint in this action, and (b) any other subject between September 13, 2020 to present.

6.      Any report, record, or written notes, however denominated, regarding the incident referred to in the complaint, which was completed by You or Your employees or agents at, or subsequent to, the time of the incident referred to in the Complaint.

7.      Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

8.      Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

9.      Please produce a copy of any still color photographs taken of the Plaintiff at any time since the incident that is the basis of this suit.

10.     Please produce a complete and accurate copy of any policy, procedure, or safety program in place at the time of the incident made the basis of this suit, regarding the maintenance of floors within the Defendant's stores, including but not limited to the Defendant's store where the incident made the basis of this suit occurred, to ensure a safe condition for your customers.

11.     Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

12.    Please produce a complete and accurate copy of the time sheets, punch cards or other method for accounting for your employees present and for their time worked on September 13, 2020.

13.    Please produce a complete and accurate transcript of any statements obtained from the Plaintiff.

14.    Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

15.    Please produce a complete and accurate transcript of any correspondence between you and the Plaintiff or her representative or between your representative and the Plaintiff occurring before the Plaintiff filed this lawsuit.

16.    Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

17.    Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

18.    Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

19.    Please produce a complete and accurate copy of any and all policies of insurance which will or may provide coverage to this Defendant in the subject litigation.

20.    Please produce a copy of all records obtained regarding the Plaintiff. [You have a continuing duty to supplement this request.  Additionally, please consider this a formal request for all records obtained pursuant to Rule 45 of the ALABAMA RULES OF CIVIL PROCEDURE].

DOCUMENT 3

Respectfully submitted,

*/s/ Erby J. Fischer*
ERBY J. FISCHER (FIS010)
*/s/ John Paul Bruno*
JOHN PAUL BRUNO (BRU036)
Attorneys for Plaintiff

 **OF COUNSEL:**
**MORGAN & MORGAN, PLLC**
2317 3rd Avenue North, Suite 102
Birmingham, Alabama 35203
T: 659.204.6361
F: 659.204.6383
efischer@forthepeople.com
jbruno@forthepeople.com

**TO BE SERVED WITH A COPY OF THE SUMMONS & COMPLAINT**

DOCUMENT 9

ELECTRONICALLY FILED
10/13/2022 9:26 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| ALICIA CADE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CIVIL ACTION 01-CV-2022-902707 |
| COSTCO WHOLESALE CORP., et al., | ) |
| | ) |
|    Defendants. | ) |

## ANSWER

**COMES NOW COSTCO WHOLESALE CORPORATION,** the Defendant in the above-styled cause, and in response to the Plaintiff's Complaint and to each count and paragraph thereof, separately and severally, says as follows:

### PARTIES

1.    The Defendant does not have personal knowledge of the alleged information and therefore demands strict proof thereof.

2.    Admitted.

3.    The Defendant does not have personal knowledge of the alleged information and therefore demands strict proof thereof.

### FACTUAL ALLEGATIONS

4.    The Defendant adopts its responses to the preceding paragraphs as if fully set out herein.

5.    The Defendant denies the material allegations of the paragraph and demand strict proof thereof.

6.    The Defendant denies the material allegations of the paragraph and demand strict proof thereof.

7.      The Defendant denies the nature and extent of any and all of the Plaintiff's alleged injuries and damages as set forth in the Complaint and demands strict proof thereof.

## COUNT I NEGLIGENCE

8.      The Defendant adopts its responses to the preceding paragraphs as if fully set out herein.

9.      The Defendant denies the material allegations of the paragraph and demand strict proof thereof.

10.      The Defendant denies the material allegations of the paragraph and demand strict proof thereof.

11.      The Defendant denies the material allegations of the paragraph and demand strict proof thereof.

12.      The Defendant denies the nature and extent of any and all of the Plaintiff's alleged injuries and damages as set forth in the Complaint and demands strict proof thereof.

13.      The Defendant denies the nature and extent of any and all of the Plaintiff's alleged injuries and damages as set forth in the Complaint and demands strict proof thereof.

## COUNT II NEGLIGENT HIRING, TRAINGIN OR SUPERVISION

14.      The Defendant adopts its responses to the preceding paragraphs as if fully set out herein.

15.      The Defendant denies the material allegations of the paragraph and demand strict proof thereof.

16.      The Defendant denies the material allegations of the paragraph and demand strict proof thereof.

17.     The Defendant denies the material allegations of the paragraph and demand strict proof thereof.

18.     The Defendant denies the nature and extent of any and all of the Plaintiff's alleged injuries and damages as set forth in the Complaint and demands strict proof thereof.

19.     The Defendant denies the nature and extent of any and all of the Plaintiff's alleged injuries and damages as set forth in the Complaint and demands strict proof thereof.

### COUNT III FICTITOUS PARTIES

20.     The Defendant adopts its responses to the preceding paragraphs as if fully set out herein.

21.     No response is required on behalf of **Costco Wholesale Corporation**. To the extent that the Plaintiff intends otherwise, the Defendant adopts and asserts each and every pled defense and affirmative defense set out within this Answer.

### AFFIRMATIVE DEFENSES

The Defendant asserts the following additional defenses, reserving the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate as discovery progresses:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Defendant denies each and every material averment of the Plaintiff's Complaint and demands strict proof thereof.

### Third Defense

The Defendant denies that it was guilty of any negligence as is alleged in Count I of the Complaint and denies further that any such alleged negligence on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

DOCUMENT 9

### Fourth Defense

The Defendant denies that it was guilty of negligent hiring, training and supervision as is alleged in Count II of the Complaint and denies further that any such alleged negligent hiring, training and supervision on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Fifth Defense

The Defendant denies that it was guilty of any claims of premises liability and denies further that any such alleged premises liability on its part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Sixth Defense

The Defendant avers that the incident complained of was proximately caused by an independent, intervening or superseding cause, and not by the acts of the Defendant.

### Seventh Defense

The Defendant avers that the Plaintiff Alicia Cade was herself guilty of negligence in connection with the claims asserted in the Complaint, and that such negligence on her part proximately caused or proximately contributed to the injuries and damages referred to in the Complaint.

### Eighth Defense

The Defendant(s) assert(s) that to the extent there was a hazard, it was or should have been open or obvious to the Plaintiff.

### Ninth Defense

The Defendant avers that the Plaintiff's claim is barred by the applicable statute of limitations.

DOCUMENT 9

### Tenth Defense

The Defendant pleads assumption of the risk.

### Eleventh Defense

The Defendant denies that it created any dangerous condition.

### Twelfth Defense

The Defendant denies it had actual or constructive notice of any dangerous condition.

### Thirteenth Defense

The Defendant avers the Plaintiff failed to mitigate her damages.

### Fourteenth Defense

The Defendant pleads that venue is improper.

### Fifteenth Defense

The Defendant denies that the Plaintiff was injured to the nature and extent claimed and demands strict proof thereof.

### Sixteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

### Seventeenth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

### Eighteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process

DOCUMENT 9

Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive

damages are vague and are not rationally related to legitimate government interests.

### Nineteenth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will

be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that

no person shall be deprived of life, liberty, or property except by due process of law, in that

punitive damages are vague and are not rationally related to legitimate government interests.

### Twentieth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will

be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment

to the Constitution of the United States in that punitive damages are penal in nature and,

consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal

Defendant.

### Twenty-First Defense

The Defendant avers that it is violative of the self-incrimination clause of the Fifth

Amendment to the Constitution of the United States of America to impose punitive damages

against it, which are penal in nature, yet compel it to disclose potentially incriminating documents

and evidence.

### Twenty-Second Defense

The Defendant avers that it is violative of the rights guaranteed by the Constitution of the

United States of America and the Constitution of the State of Alabama to impose punitive damages

against the Defendant which are penal in nature by requiring a burden of proof on the Plaintiff

which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### Twenty-Third Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### Twenty-Fourth Defense

The Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15 of the Constitution of the State of Alabama 1901 in that the damages would be an excessive fine

### Twenty-Fifth Defense

The Defendant avers that any and all claims for punitive damages in this action are limited in amount by the application of Ala. Code (1975), §6-11-21.

### Twenty-Sixth Defense

The Defendant asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

### Twenty-Seventh Defense

The Defendant avers that there is no causal relationship between the actions of the Defendant and the injuries and damages referred to in the Complaint.

### Twenty-Eighth Defense

The Defendant denies Plaintiff was caused to suffer past or future mental anguish due to any allegations of negligence or wantonness of the Defendant.

### Twenty-Ninth Defense

The Defendant denies Plaintiff was caused to suffer both past & future lost wages, lost income, loss of earning capacity and lost employment benefits due to any allegations of negligence

DOCUMENT 9

or wantonness of the Defendant.

### Thirtieth Defense

The Defendant denies the Plaintiff was caused to expend money for medical expenses due to any allegations of negligence or wantonness of the Defendant.

### Thirty-First Defense

The Defendant reserves the right to amend this answer at a later date.


**THE DEFENDANT DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES IN THIS CAUSE.**


*/s/ Paul J. DeMarco*
Paul J. DeMarco (DEM010)
Attorney for Defendant
Costco Wholesale Corporation


**OF COUNSEL:**

**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:    (205) 326-6600
Fax:             (205) 324-7097
pdemarco@pljpc.com

DOCUMENT 9

---

## CERTIFICATE OF SERVICE

---

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

> Erby J. Fischer
> John Paul Bruno
> Mogan & Morgan Birmingham, PLLC
> 2317 3rd Avenue North, Ste 100
> Birmingham, AL  35203

This the 13th day of October 2022.

/s/ *Paul J. DeMarco*
OF COUNSEL

DOCUMENT 11



ELECTRONICALLY FILED
10/13/2022 9:32 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ALICIA CADE,                              )
                                          )
   Plaintiff,                          )
                                          )
v.                                        )
                                          )    CIVIL ACTION 01-CV-2022-902707
COSTCO WHOLESALE CORP., et al.,           )
                                          )
   Defendants.                         )

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

     Comes now the Defendant, **COSTCO WHOLESALE CORPORATION**, by and through its attorney, Paul J. DeMarco, and gives notice of filing the following discovery documents in the above-styled cause and serving a copy of same upon all attorneys of record.

X     Defendant's Interrogatories to the Plaintiff.
X     Defendant's Request for Production of Documents to the Plaintiff.
X     Defendant's Objections to Plaintiff's First Interrogatories and Request for Production of Documents.
X     Defendant's Request for Admissions to Plaintiff.
X     Defendant Notice of Deposition of:
     1.   Alicia Cade
     2.   Any Adult with Relevant Knowledge of the facts of this case.


                                */s/ Paul J. DeMarco*
                                Paul J. DeMarco (DEM010)
                                Attorney for Defendant
                                Costco Wholesale Corporation

**OF COUNSEL:**

**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:    (205) 326-6600
Fax:          (205) 324-7097
pdemarco@pljpc.com

DOCUMENT 11

---

## CERTIFICATE OF SERVICE

---

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Erby J. Fischer
John Paul Bruno
Morgan & Morgan Birmingham, PLLC
2317 3rd Avenue North, Ste 100
Birmingham, AL 35203

This the 13th day of October 2022.

/s/ *Paul J. DeMarco*
OF COUNSEL

DOCUMENT 12



ELECTRONICALLY FILED
10/13/2022 9:32 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ALICIA CADE,                         )
                                     )
   Plaintiff,                      )
                                     )
v.                                   )
                                     )   CIVIL ACTION 01-CV-2022-902707
COSTCO WHOLESALE CORP., et al.,      )
                                     )
   Defendants.                     )

## FIRST INTERROGATORIES TO PLAINTIFF

Comes now the Defendant, **Costco Wholesale Corporation,** and desiring the testimony of the Plaintiff, **Alicia Cade**, propounds the following Interrogatories as provided under the Federal Rules of Civil Procedure:

1.     State your full name, address, date of birth, Social Security number and current driver's license number, including the name of the state issuing said driver's license.

2.     State your present and past employment including the name and address of each employer, your job duties and dates of employment.

3.     State in detail and in chronological order the specific facts upon which you base your claims against this Defendant, i.e. what you claim any employee or agent of Costco Wholesale Corporation did wrong.

4.     Do you or your attorney have any documents, charts, manual provisions, videotapes, or other writings allegedly generated by any employee of Costco Wholesale Corporation If so, please identify each such document, chart, manual provision, videotape or other item, the date and source of each such document.

DOCUMENT 12

5.    List the name and address of any witness who has knowledge of the incident or claims made the basis of this suit, including in your response each such witness' name, address and relationship to you.  Include in your response a synopsis of his or her expected testimony.

6.    State in full and complete detail the nature and extent of your injuries as a result of the incident made the basis of this lawsuit.

7.    List and/or itemize all damages you are claiming as the result of the incident made the basis of this suit including, but not limited to, all medical expenses incurred, lost wages and other out-of-pocket expenses.

8.    What amount in damages are you claiming as a result of "being made sick, sore, and lame" as alleged in the complaint.

9.    What amount in damages are you claiming as a result of being "battered, bruised and contused" as alleged in the complaint.

10.    Identify the "permanent injury" you sustained as alleged in the complaint?

11.    What amount in damages are you claiming as a result of the "physical pain and suffering and mental anguish" you have suffered and will continue to suffer as alleged in the complaint?

12.    Identify the amount of medical bills and expenses you claim to have incurred as alleged in the complaint.

13.    Identify any additional medical bills and expenses you claim that you may incur in the future as alleged in the complaint?

14.    What amount are you claiming in lost wages as a result of the incident made the basis of your complaint?

15.     Please state in detail how you have lost the ability to earn money as alleged in the complaint.

16.     How were you earning money at the time of the incident made the basis of the complaint and what was your salary or annual income?

17.     Identify the name, address and telephone number of each and every physician, chiropractor, hospital, psychiatrist, psychologist or other health care provider who or which has rendered you treatment at any time for any reason, identify the reason or reasons why you were seen by said health care provider including in your response the approximate date of each such treatment.

18.     Identify each person whom the Plaintiff expects to call as an expert witness at trial or may utilize as an expert witness in this case by providing the following information with regard to each expert witness:

  (a)     Name and address;

  (b)     Each and every school attended, the dates of attendance, the dates of graduation, if any, and degrees received;

  (c)     Each and every employer including the dates of employment, job titles held and reasons for leaving such employment;

  (d)     Each and every article or publication such expert witness has authored or to which such expert witness has contributed;

  (e)     Each and every honorary society, professional society, technical society and/or professional organization to which the individual belongs or has belonged, any offices in those organizations or societies which such individual has held or holds, and the dates each such office were held;

  (f)     Each and every area of specialization;

  (g)     Each and every crime involving moral turpitude for which such expert witness has been arrested or has been convicted.

19.     Identify the subject matter on which each expert identified in your response to Interrogatory No. 18 is expected to testify.

20.　　State the substance of the facts and opinions to which each expert identified in your answer to Interrogatory No. 18 is expected to testify.

21.　　State the substance of the facts and opinions to which each expert identified in your answer to Interrogatory No. 18 is expected to testify and summarize the grounds for each such opinion on which the expert is expected to testify.

22.　　Identify each and every article, manual, treatise, or book which you may utilize at the trial of this case by stating the following:

　　　　(a)　　Title;

　　　　(b)　　Date of publication;

　　　　(c)　　The name of the publisher;

　　　　(d)　　The publication in which an article appears;

　　　　(e)　　The pages utilized from each such publication;

　　　　(f)　　The editor of the publication;

　　　　(g)　　The purpose for which any such publication may be utilized at trial.

23.　　Please list any and all Costco Wholesale Corporation documents received from any source, in the possession of or under control of the Plaintiff or any agent of the Plaintiff.

24.　　Have you ever been a party to any other civil action?  If so, please state:

　　　　(a)　　The date and place each such suit was filed, the name of the court, the name of the other party or parties involved, the cause of action of each such legal action, and the name of the attorneys representing each party in each such lawsuit or legal action.

　　　　(b)　　Describe the disposition of each such suit or legal action described above.

25.　　Have you ever been arrested?  If so, please state the date and place of each arrest, the offense charged and the outcome, and the name and location of the arresting authority.

26.　　State the names and addresses of your relatives who reside in Jefferson County, Alabama.

DOCUMENT 12

27.     State in detail the factual basis of your claim that Defendant Costco Wholesale Corporation was guilty of negligence as is alleged in the Complaint.

28.     State in detail the factual basis of your claim that Defendant Costco Wholesale Corporation was guilty negligent hiring, training and supervision as is alleged in the Complaint.

29.     Have you been informed that you are answering these interrogatories under oath and that they may be used as evidence in the event of a trial?

30.     If you are claiming any additional expenses as a result of the incident made the basis of the complaint, please identify those expenses with the amount of each additional expense.

/s/ Paul J. DeMarco
Paul J. DeMarco (DEM010)
Attorney for Defendant
Costco Wholesale Corporation

**OF COUNSEL:**

**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:     (205) 326-6600
Fax:               (205) 324-7097
pdemarco@pljpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

> Erby J. Fischer
> John Paul Bruno
> Mogan & Morgan Birmingham, PLLC
> 2317 3rd Avenue North, Ste 100
> Birmingham, AL  35203

This the 13th day of October 2022.

> /s/ *Paul J. DeMarco*
> OF COUNSEL

DOCUMENT 13


ELECTRONICALLY FILED
10/13/2022 9:32 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| ALICIA CADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION 01-CV-2022-902707 |
| COSTCO WHOLESALE CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT COSTCO WHOLESALE CORPORATION
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## AND THINGS UNDER RULE 34 TO PLAINTIFF

**COMES NOW COSTCO WHOLESALE CORPORATION**, the Defendant in the above-styled cause, and requests the Plaintiff to produce within thirty (30) days at the offices of the Defendant's attorneys for inspection and copying the following:

1.      Copies of any and all medical records from any physician, chiropractor, hospital, psychiatrist, psychologist or other health care provider in which or by whom the Plaintiff was examined, treated or confined as a result of the incident or claims made the basis of this suit.

2.      Copies of any and all medical records from any physician, chiropractor, hospital, psychiatrist, psychologist or other health care provider in which or by whom the Plaintiff was examined, treated or confined <u>prior to</u> the incident or claims made the basis of this suit.

3.      Copies of any and all statements made by any employee, agent or representative of Costco Wholesale Corporation to anyone relating to the incident or claims made the basis of this suit.

4.      Copies of any and all statements made by any witness relative to the incident or claims made the basis of this suit.

5.      Invoices representing any and all expenses incurred by or on behalf of the Plaintiff subsequent to and as a result of the incident or claims made the basis of this suit.

6.      Copies of any and all communications between the Plaintiff, any witness to the accident or anyone with relevant knowledge of facts of case, and any other individual related to the accident made the basis of this lawsuit.

7.      Copies of any and all photographs in the possession of the Plaintiff or any representative of the Plaintiff relevant to the incident, videotapes, drawings, or claims made the basis of this suit including of the Plaintiff, Costco or anyone who has knowledge of this accident.

8.      Copies of any and all exhibits in the possession of the Plaintiff or any representative of the Plaintiff relevant to the incident or claims made the basis of this suit.

9.      Provide a list of each person whom the Plaintiff expect to call as an expert witness at trial or may utilize as an expert witness in this case by providing the following information with regard to each expert witness:
      (a)      Name and address;
      (b)      Each and every school attended, the dates of attendance, the dates of graduation, if any, and degrees received;
      (c)      Each and every employer including the dates of employment, job titles held and reasons for leaving such employment;
      (d)      Each and every article or publication such expert witness has authored or to which such expert witness has contributed;
      (e)      Each and every honorary society, professional society, technical society and/or professional organization to which the individual belongs or has belonged, any offices in those organizations or societies which such individual has held or holds, and the dates each such office were held;
      (f)      Each and every area of specialization;
      (g)      Each and every crime involving moral turpitude for which such expert witness has been arrested or has been convicted.
      (h)      State the subject matter on which each expert is expected to testify.
      (i)      State the substance of the facts and opinions to which each expert is expected to testify, and summarize the grounds for each such opinion on which the expert is expected to testify.

10.     Identify each and every article, manual, treatise, or book which you may utilize at the trial of this case by stating the following:
      (a)      Title;
      (b)      Date of publication;
      (c)      The name of the publisher;
      (d)      The publication in which an article appears;
      (e)      The pages utilized from each such publication;
      (f)      The editor of the publication;
      (g)      The purpose for which any such publication may be utilized at trial.

11.     Copies of any and all records in connection with any business operation or other employment from which the Plaintiff claims to have lost income or wages as a result of the incident or claims made the basis of this suit.

12.     Copies of the Plaintiff's income tax records, both state and federal, for the years 2017, 2018, 2019, 2020, and 2021.

13.     Copies of any and all documentation which reflects the amount any insurance company has paid on behalf of the Plaintiff as a result of the incident or claims made the basis of

this suit including, but not limited to, worker's compensation, healthcare and/or homeowner's insurance benefits.

14.     Produce the name and address of any witness who has knowledge of the incident or claims made the basis of this suit, including in your response each such witness' name, address and relationship to you.   Include in your response a synopsis of such witness' anticipated testimony.

15.     Produce a list of each and every person it is anticipated will be called as a witness at the trial of this case, including each such person's name and address and a synopsis of his or her expected testimony.

16.     Produce a copy of any sales receipt, canceled check, credit card slip, exchange slip, layaway ticket or other documentation from the Costco Wholesale, in Birmingham, Alabama reflecting any purchase, exchange or other transaction at Costco Wholesale on the day of the incident made the basis of this suit.

17.     Produce any document, chart, manual provision, memo, correspondence, videotape or any other writing purportedly generated by any employee of Costco Wholesale Corporation in the possession of the Plaintiff or Plaintiff's attorneys, giving the date and source of each such document, chart, manual provision, memo, correspondence, or videotape.

18.     Produce any and all Costco Wholesale documents received from any source, including ATLA, in the possession of or under control of the Plaintiff or any agent of the Plaintiff.

19.     Produce any document or writing which supports the Plaintiff's claim of **negligence** on the part of Costco Wholesale Corporation.

20.     Produce any document or writing which supports the Plaintiff's claim of **negligent hiring, training and supervision** on the part of Costco Wholesale Corporation.

21.     Produce any and all documents and materials obtained during the course of this litigation in response to a Rule 45 subpoena.

22.     Produce all documents relied on by you or in support of your answers to Interrogatories Nos. 6-16 and 30.

*/s/ Paul J. DeMarco*
Paul J. DeMarco (DEM010)
Attorney for Defendant
Costco Wholesale Corporation

DOCUMENT 13

**OF COUNSEL:**

**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:    (205) 326-6600
Fax:              (205) 324-7097
pdemarco@pljpc.com

---

## CERTIFICATE OF SERVICE

---

   I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

    Erby J. Fischer
    John Paul Bruno
    Mogan & Morgan Birmingham, PLLC
    2317 3rd Avenue North, Ste 100
    Birmingham, AL  35203

This the 13th day of October 2022.

        /s/ *Paul J. DeMarco*
        OF COUNSEL

DOCUMENT 14



ELECTRONICALLY FILED
10/13/2022 9:32 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| ALICIA CADE, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION 01-CV-2022-902707 |
| COSTCO WHOLESALE CORP., et al., | ) | |
| | ) | |
|    Defendants. | ) | |

## DEFENDANT COSTCO WHOLESALE CORPORATION
## FIRST REQUEST FOR ADMISSION TO PLAINTIFF

**COMES NOW COSTCO WHOLESALE CORPORATION**, the Defendant in the above-styled cause, and pursuant to Rule 36, Ala. R. Civ. P., requests the Plaintiff to admit or deny the following:

1.    That the amount in controversy in this case exceeds $75,000, exclusive of interest and cost.

2.    You are seeking an award of more than $75,000 to satisfy all claims alleged in your Complaint.

3.    You are seeking more than $75,000 in damages for the claims alleged in your Complaint.

4.    You will accept more than $75,000 in total compensatory and punitive damages should (a) liability be established against the Defendant; and (b) damages are awarded to you.

5.    There is evidence which supports an award of damages in this case exceeding $75,000, including compensatory and punitive damages for all of your claims.

6.    The proper measure of damages, if any, exceeds $75,000 inclusive of all claims for compensatory and punitive damages.

DOCUMENT 14

7.      You and/or your attorneys will ask a jury to return a verdict for more than

$75,000 in the event of a trial of this case.

/s/ *Paul J. DeMarco*
Paul J. DeMarco (DEM010)
Attorney for Defendant
Costco Wholesale Corporation

**OF COUNSEL:**

**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:    (205) 326-6600
Fax:          (205) 324-7097
pdemarco@pljpc.com

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Erby J. Fischer
John Paul Bruno
Morgan & Morgan Birmingham, PLLC
2317 3rd Avenue North, Ste 100
Birmingham, AL  35203

This the 13th day of October 2022.

/s/ *Paul J. DeMarco*
OF COUNSEL

DOCUMENT 15



ELECTRONICALLY FILED
10/13/2022 9:32 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ALICIA CADE,                              )
                                          )
   Plaintiff,                           )
                                          )
v.                                        )
                                          )   CIVIL ACTION 01-CV-2022-902707
COSTCO WHOLESALE CORP., et al.,           )
                                          )
   Defendants.                          )

## DEFENDANT COSTCO WHOLESALE CORPORATION'S OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

Comes now the Defendant, **COSTCO WHOLESALE CORPORATION,** and in response and objection to Plaintiff's First Interrogatories and Request for Production of Documents heretofore filed says as follows:

### GENERAL OBJECTIONS

1.    The Defendant objects to each discovery request to the extent that it may be interpreted to call for the production of information or documents which are privileged or confidential including the attorney-client privilege, the attorney work product privilege, information prepared in anticipation of litigation, or business trade secret.

2.    The Defendant objects to each discovery request to the extent that it may be interpreted to call for information, which is overly broad and burdensome, vague or ambiguous, not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence and not properly discoverable under the *Alabama Rules of Civil Procedure.*

### SPECIFIC OBJECTIONS

Without waiving the General Objections set forth hereinabove, the Defendant asserts the following additional objections:

DOCUMENT 15

## **OBJECTIONS TO INTERROGATORIES**

2.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

3.      The Defendant objects to this Interrogatory as it seeks information, which is not relevant, not material, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

5.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

6.      The Defendant objects to this interrogatory to the extent that it may be interpreted to call for information, which is overly broad and burdensome, vague or ambiguous, not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not properly discoverable under the Alabama Rules of Civil Procedure.

13.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

14.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

15.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

16.      The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

17.      The Defendant objects to this interrogatory to the extent that it may be interpreted to call for information, which is overly broad and burdensome, vague or ambiguous, not material,

DOCUMENT 15

not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not properly discoverable under the Alabama Rules of Civil Procedure.

18.    The Defendant objects to this interrogatory to the extent that it may be interpreted to call for information, which is overly broad and burdensome, vague or ambiguous, not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not properly discoverable under the Alabama Rules of Civil Procedure.

22.    The Defendant objects to this Interrogatory as it seeks information, which is not relevant, not material, and not reasonably calculated to lead to the discovery of admissible evidence.

23.    The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

25.    The Defendant objects to this Interrogatory as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

26. The Defendant objects to this Interrogatory as it seeks information, which is not relevant, not material, and not reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTSIONS TO REQUEST FOR PRODUCTION

1.    The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

2.    The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

DOCUMENT 15

     3.     The Defendant objects to this Request for Production of Documents to the extent that it may be interpreted to call for information, which is not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not properly discoverable under the *Alabama Rules of Civil Procedure.*

     4.     The Defendant objects to this Request for Production of Documents to the extent that it may be interpreted to call for information, which is not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not properly discoverable under the *Alabama Rules of Civil Procedure.*

     5.     The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

     6.     The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

     7.     The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

     9.     The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

     10.     The Defendant objects to this request for production of document to the extent that it may be interpreted to call for information, which is overly broad and burdensome, vague or

ambiguous, not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not properly discoverable under the Alabama Rules of Civil Procedure.

11.    The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

12.    The Defendant objects to this Request for Production of Documents to the extent that it may be interpreted to call for information, which is not material, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not properly discoverable under the *Alabama Rules of Civil Procedure.*

14.    The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

16.    The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

17.    The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

18.    The Defendant objects to this request for production of documents as it seeks information protected by the attorney/client and work product privilege or was prepared in anticipation of litigation.

19.    The Defendant objects to this Request for Production of Documents to the extent that it may be interpreted to call for information, which is not material, not relevant, not reasonably

calculated to lead to the discovery of admissible evidence, not properly discoverable under the

*Alabama Rules of Civil Procedure.*

/s/ Paul J. DeMarco
Paul J. DeMarco (DEM010)
Attorney for Defendant
Costco Wholesale Corporation

**OF COUNSEL:**

**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:    (205) 326-6600
Fax:          (205) 324-7097
pdemarco@pljpc.com

---

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Erby J. Fischer
John Paul Bruno
Mogan & Morgan Birmingham, PLLC
2317 3rd Avenue North, Ste 100
Birmingham, AL  35203

This the 13th day of October 2022.

/s/ Paul J. DeMarco
OF COUNSEL

DOCUMENT 16



ELECTRONICALLY FILED
10/13/2022 9:32 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| ALICIA CADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION 01-CV-2022-902707 |
| COSTCO WHOLESALE CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S NOTICE TO TAKE DEPOSITION OF PLAINTIFF

**TO:**    Erby J. Fischer
John Paul Bruno
Mogan & Morgan Birmingham, PLLC
2317 3rd Avenue North, Ste 100
Birmingham, AL 35203

**PLEASE TAKE NOTICE** that at the time, date and place indicated below Defendant in the above-styled cause, will take the deposition upon oral examination of the person named. The deposition will be taken for purposes of discovery or for use as evidence in this action pursuant to the *Federal Rules of Civil Procedure*. The deposition will be taken before a notary public, or some other officer authorized by law to administer oaths.

**DEPONENT:**    **ALICIA CADE**

**DATE:**    **TBD**

**TIME:**    **TBD**

**PLACE:**    **TBD**

/s/ Paul J. DeMarco
Paul J. DeMarco (DEM010)
Attorney for Defendant
Costco Wholesale Corporation

**OF COUNSEL:**

**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:    (205) 326-6600
Fax:                (205) 324-7097
pdemarco@pljpc.com

---

## CERTIFICATE OF SERVICE

---

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Erby J. Fischer
John Paul Bruno
Mogan & Morgan Birmingham, PLLC
2317 3rd Avenue North, Ste 100
Birmingham, AL  35203

This the 13th day of October 2022.

/s/ *Paul J. DeMarco*
OF COUNSEL

DOCUMENT 17



ELECTRONICALLY FILED
10/13/2022 9:32 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|                                        |   |                                   |
|----------------------------------------|---|-----------------------------------|
| ALICIA CADE,                           | ) |                                   |
|                                        | ) |                                   |
|    Plaintiff,           | ) |                                   |
|                                        | ) |                                   |
| v.                                     | ) |                                   |
|                                        | ) | CIVIL ACTION 01-CV-2022-902707    |
| COSTCO WHOLESALE CORP., et al.,        | ) |                                   |
|                                        | ) |                                   |
|    Defendants.          | ) |                                   |

## DEFENDANT'S NOTICE TO TAKE DEPOSITION OF ANY ADULT WITH RELEVANT KNOWLEDGE OF THE FACTS OF THIS CASE

**TO:**  Erby J. Fischer
John Paul Bruno
Mogan & Morgan Birmingham, PLLC
2317 3rd Avenue North, Ste 100
Birmingham, AL  35203

**PLEASE TAKE NOTICE** that at the time, date and place indicated below Defendant in the above-styled cause, will take the deposition upon oral examination of the person named.  The deposition will be taken for purposes of discovery or for use as evidence in this action pursuant to the *Federal Rules of Civil Procedure*.  The deposition will be taken before a notary public, or some other officer authorized by law to administer oaths.

        **DEPONENT:**    **ANY ADULT WITH RELEVANT KNOWLEDGE OF THE FACTS OF THIS CASE.**

        **DATE:**    **TBD**

        **TIME:**    **TBD**

        **PLACE:**    **TBD**

                                 */s/ Paul J. DeMarco*
                                 Paul J. DeMarco (DEM010)
                                 Attorney for Defendant

Costco Wholesale Corporation

**OF COUNSEL:**

**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:   (205) 326-6600
Fax:        (205) 324-7097
pdemarco@pljpc.com

---

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

Erby J. Fischer
John Paul Bruno
Mogan & Morgan Birmingham, PLLC
2317 3rd Avenue North, Ste 100
Birmingham, AL  35203

This the 13th day of October 2022.

/s/ *Paul J. DeMarco*
OF COUNSEL

DOCUMENT 19

| **STATE OF ALABAMA** Revised 3/5/08 | | Cas | ELECTRONICALLY FILED 10/13/2022 9:47 PM 01-CV-2022-902707.00 |
|---|---|---|---|

**Unified Judicial System**

01-JEFFERSON   ☐ District Court   ☑ Circuit Court   CV2...

CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA JACQUELINE ANDERSON SMITH, CLERK

| ALICIA CADE V. COSTCO WHOLESALE CORPORATION | **CIVIL MOTION COVER SHEET** *Name of Filing Party:*D001 - COSTCO WHOLESALE CORPORATION |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.* PAUL J. DEMARCO POST OFFICE BOX 661228 BIRMINGHAM, AL 35266 *Attorney Bar No.:* DEM010 | ☐ Oral Arguments Requested |
|---|---|

**TYPE OF MOTION**

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $  0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Motion for HIPAA ORDER |
| | pursuant to Rule  N/A       (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 10/13/2022 9:42:50 PM | Signature of Attorney or Party /s/ PAUL J. DEMARCO |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 20

ELECTRONICALLY FILED
10/13/2022 9:47 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| ALICIA CADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION 01-CV-2022-902707 |
| COSTCO WHOLESALE CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR HIPAA ORDER

**COMES NOW COSTCO WHOLESALE CORPORATION,** the Defendant in the above-styled cause, and moves the Court for a Qualified Protective Order to allow parties to obtain from all health care providers and health plans all information relating to the past, present or future physical condition of any individual who is a party to the case (or, the decedent of a party), as well as all information relating to the provision of health care to such individual and payment for the provision of such health care.

Attached is a Protective Order pursuant to the HIPAA Privacy Rules, 45 C. F. R. § 164.512(e)(1).

*/s/ Paul J. DeMarco*
Paul J. DeMarco (DEM010)
Attorney for Defendant
Costco Wholesale Corporation

**OF COUNSEL:**

**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Telephone:     (205) 326-6600
Fax:              (205) 324-7097

DOCUMENT 20

pdemarco@pljpc.com

---

## CERTIFICATE OF SERVICE

---

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile E-system which will send notification of such filing to the following:

> Erby J. Fischer
> John Paul Bruno
> Morgan & Morgan Birmingham, PLLC
> 2317 3rd Avenue North, Ste 100
> Birmingham, AL  35203

This the 13th day of October 2022.

/s/ *Paul J. DeMarco*
OF COUNSEL

DOCUMENT 21


ELECTRONICALLY FILED
10/13/2022 9:47 PM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| CADE ALICIA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:      CV-2022-902707.00 |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| Defendant. | ) | |

### Order

Upon compliance with Rule 45 of the *Alabama Rules of Civil Procedure*, the attorneys for the parties are permitted to inspect and copy all health information relating to any individual who is a party plaintiff to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual.  Subject to the provisions of Rule 26 of the *Alabama Rules of Civil Procedure* pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care provider, health plan administrator, or other individual in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information").  Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

**This Court Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.   This Court  Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the *Alabama Rules of Civil Procedure*. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing  or sexually transmitted disease.

DOCUMENT 21

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. The parties are prohibited from using or disclosing the protected health information for any purpose other than this litigation or proceeding for which such information was requested" pursuant to the requirements of 45 C.F.R. § 164.512(e)(1)(v)(A).

At the immediate conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order. If such written request are not made at the immediate conclusion of this action, all recipients of the Protected Health Information reserves the right to destroy such documents and any copies thereof containing Protected Health Information received by them pursuant to this Order. Such Protected Health Information received in an insurance claim file and law firm litigation file may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

A photocopy of the Order shall be deemed as an original.

**DONE this[To be filled by the Judge].**

**/s/[To be filled by the Judge]**
**CIRCUIT JUDGE**

DOCUMENT 23

ELECTRONICALLY FILED
10/14/2022 8:03 AM
01-CV-2022-902707.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **ALICIA CADE,** | ) | |
|    **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **01-CV-2022-902707** |
| | ) | |
| **COSTCO WHOLESALE CORP.,** | ) | |
|    **Defendant.** | ) | |

**PROTECTIVE (HIPAA) ORDER**

Upon compliance with Alabama law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee, or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

This Court Order authorizes any third-party who receives a properly served subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena, subject to the restrictions stated below. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.

Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order permits the disclosure of blood alcohol or drug test results except for the results of tests performed on the date of the incident made the subject of the litigation.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit, or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

This Order prohibits the parties from using or disclosing the Protected Health

Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individuals authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

**DONE and ORDERED this 14th day of October, 2022.**

**/s/ PAT BALLARD**
**CIRCUIT JUDGE**